IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01351-ZLW-CBS

PAUL PALECEK # 88838,
    Plaintiff,
v.

ARISTEDES ZAVARAS,
KEVIN MILYARD,
FELICIA BROOKS,
ERIC HOFFMAN,
JOHN CHAPDELAINE, and
JEFF REVORD, all Defendants in their official and individual capacities,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the "Motion to Dismiss by Defendants Aristedes Zavaras, Kevin Milyard and John Chapdelaine" (filed December 23, 2009) (doc. # 25). Pursuant to the Order of Reference dated September 30, 2009 (doc. # 15) and the memorandum dated October 23, 2009 (doc. # 17), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Palecek's Response (filed January 20, 2010) (doc. # 29), Defendants' Reply (filed February 5, 2010) (doc. # 32), the entire case file, the pleadings, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Plaintiff Mr. Palecek is a Jewish inmate at the Sterling Correctional Facility

1

("SCF") who has been granted a kosher diet in accordance with his religious beliefs. (*See* Amended Prisoner Complaint ("AC") at p. 5 of 10).  Mr. Palecek brings two claims pursuant to 42 U.S.C. § 1983 against several Colorado Department of Corrections ("CDOC") employees for allegedly depriving him of his rights under the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.* ("RLUIPA").  (*See* AC at pp. 4, 5 of 10).  Mr. Palecek alleges that beginning in January 2009, Defendants "failed to ensure that the facility and kitchen are kept in compliance with the Kashrus (dietary laws of Judiasm [sic]).  This forces me to defile myself by eating food from which my sincerely held religious belief requires me to abstain."  (*See id.* at p. 5 of 10).  Mr. Palecek further alleges that Captain Brooks refused "to allow me to inspect the Kosher kitchen myself to verify it was being kept in compliance with the Kashrus." (*See id.*).  Finally, Mr. Palecek alleges he was subjected to retaliation by CDOC staff when he attempted to "resolve" these issues.  (*See id.* at pp. 4, 7 of 10).  At the time the AC was filed, Defendant Zavaras was Executive Director of CDOC, employed in Colorado Springs, Colorado, Defendant Milyard was the Warden of SCF, and Defendant Chapdelaine was the Associate Warden of SCF.  (*See id.* at pp. 2-3 of 10).

II.   Defendant's Motion to Dismiss
A.    Standard of Review

Defendants Zavaras, Milyard and Chapdelaine seek to be dismissed from the AC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of

> jurisdiction over the subject matter. Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. A Rule 12(b)(1) motion to dismiss must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

*Stine v. Wiley*, 2008 WL 4277748 *3 (D. Colo. 2008) (internal quotation marks and citations omitted).[1]

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

> Under Rule 12(b)(6), [d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face. A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.
> Although plaintiffs need not provide detailed factual allegations to survive a motion to dismiss, they must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Furthermore, conclusory allegations are not entitled to the assumption of truth.

*Masters v. Gilmore*, 663 F. Supp. 2d 1027, 1037 (D. Colo. 2009) (internal quotation marks and citations omitted).

The court must construe Mr. Palecek's pleadings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding

---

[1] Copies of unpublished decisions cited are attached to this Recommendation.

allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

B.  Analysis

1.  Liability of Defendants in their Official Capacities under § 1983

Mr. Palecek brings his AC pursuant to 42 U.S.C. § 1983 and RLUIPA. He is suing all of the Defendants "in their official and individual capacities." (*See* AC at p. 1 of 10). To the extent Mr. Palecek sues Defendants Zavaras, Milyard, and Chapdelaine in their official capacities under § 1983, he is actually attempting to impose liability on their employer, the State of Colorado. *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state); *Will v.*

4

*Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent considerations not present in this case, the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Thus, any claim for money damages brought against Defendants Zavaras, Milyard, or Chapdelaine in their official capacities under § 1983 is barred by the Eleventh Amendment. *Edelman*, 415 U.S. at 663. Mr. Palecek's § 1983 claim for monetary damages against Defendants Zavaras, Milyard, or Chapdelaine in their official capacities is properly dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

In addition to monetary damages, Mr. Palecek seeks prospective injunctive relief in the form of "ordering Defendants to provide me with adequate Kosher meals and to stop retaliating against me for exercising my protected rights." (*See* doc. # 9 at p. 9 of 10). Actions in federal court seeking injunctive relief against state officials are not always barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). *See also Will*, 491 U.S. at 71 n. 10 ("Of course a state official in his or her official capacity, when sued for

5

injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' ") (quoting *Kentucky v. Graham*, 473 U.S. at 167 n. 14);  *Quern v. Jordan*, 440 U.S. 332, 337 (1979) ("a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have an ancillary effect on the state treasury") (citing *Ex parte Young*, 209 U.S. 123 (1908);  *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998) ("Under the *Ex parte Young* legal fiction, when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court."), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

Although Defendants argue that Mr. Palecek's prayer for injunctive relief should be dismissed for failure to meet the standards for obtaining preliminary injunctive relief, the court does not perceive that Mr. Palecek has requested a preliminary injunction. The court concludes that Defendants' request to dismiss Mr. Palecek's prayer for injunctive relief is premature.  Mr. Palecek's claim for injunctive relief against Defendants Zavaras, Milyard, or Chapdelaine in their official capacities may proceed at this stage of the litigation.

2.    Liability of Defendants in their Individual Capacities under § 1983

To the extent Mr. Palecek is suing Defendants Zavaras, Milyard, and Chapdelaine in their individual capacities under § 1983, he is "seek[ing] to impose personal liability upon a government official for actions [taken] under color of state law."

6

*Kentucky v. Graham*, 473 U.S. at 165.  In order to establish a claim for personal liability under § 1983, the plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166.  The primary threshold for the plaintiff in a personal capacity suit is to establish that the state actor was personally involved in the deprivation of that right. *See Ghallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)); *see also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that personal participation is an essential allegation in a civil rights action).  A plaintiff may not bring a personal capacity suit under § 1983 on the basis of mere supervisory status. *See Ghallagher*, 587 F.3d at 1069 (stating that "[s]upervisory status alone does not create § 1983 liability.") (citing *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)).  "Rather, there must be 'an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.'" *Id.* (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)).

In support of his claims against Defendants Zavaras and Milyard, Mr. Palecek has alleged only that they hold supervisory positions at SCF.  Mr. Palecek's only allegations against Defendant Zavaras are based on his status as Executive Director of CDOC.  (*See* AC (doc. # 9) at ¶¶ 9, 16) ("Executive Director Aristedes Zavaras has deprived and continues to deprive me of my First Amendment right to freely exercise my religion through a failure to supervise . . .  Aristedes Zavaras has violated and continues to violate my First and Fourteenth Amendment rights to exercise my protected rights

7

without fear of retaliation by failing to supervise his staff . . . ."). Likewise, Mr. Palecek's allegations against Defendant Milyard are based on his status as Warden of SCF. (*See* AC doc. # 9 at ¶¶ 8, 15) ("Warden Kevin Milyard is responsible for practices and policies in SCF. As such Milyard deprived and continues to deprive me of my First Amendment right to freely exercise my religion by allowing an inadequate Kosher diet program . . . Warden Kevin Milyard has deprived me and continues to deprive me of my First and Fourteenth Amendment rights to exercise my protected rights without fear of retaliation by failing to supervise his staff. . . ."). Mr. Palecek does not specifically allege how Defendants Zavaras or Milyard were personally involved in a constitutional violation. Mr. Palecek alleges only that Defendants' participation is implicit in their supervisory positions. There is no *respondeat superior* liability for a § 1983 claim. *See Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991), *overruled on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996). Mr. Palecek does not allege that Defendants Zavaras' or Milyard's exercise of control was connected to the constitutional injury, or that their personal direction or failure to supervise was linked to such an injury. The AC fails to address whether Defendants Milyard or Zavaras were even aware of Mr. Palecek's Kosher diet issues.

In support of his claims against Defendant Chapdelaine, Mr. Palecek alleges only that Defendant Chapdelaine failed to take action in response to a letter written by Food Services Operations Manager Charleen Crockett on January 21, 2009 and copied to Chapdelaine, that responded to Mr. Palecek's inquiry about the Kosher program. (*See* AC at ¶¶ 4-5). Defendant Chapdelaine cannot be held liable based on receiving a copy of a letter. *See Escobar v. Reid*, 668 F. Supp. 2d 1260, 1291 (D. Colo. 2009) (citing

*Davis v. Arkansas Valley Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. 2004) ("correspondence [to the warden] outlining [a] complaint . . . without more, does not sufficiently implicate the warden under § 1983") and *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y.1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability.")). By receiving a letter after the fact, Defendant Chapdelaine could not have participated in the alleged violation of Mr. Palecek's rights that occurred before the letter was sent.

The court has previously explained to Mr. Palecek the requirement for personal participation. On August 4, 2009, Senior District Judge Weinshienk noted that a "defendant such as DOC executive director, Aristedes Zavaras, or Kevin Milyard, warden of the Sterling Correctional Facility, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position" and directed Mr. Palecek to file an Amended Complaint "that alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations." (*See* "Order Directing Plaintiff to File Amended Complaint" (doc. # 8)). In a hearing held on March 9, 2010, the court again explained to Mr. Palecek that a defendant such as Zavaras or Milyard may not be held liable on a theory of respondeat superior merely because of his supervisory position. (*See* audio recording of March 9, 2010 Preliminary Scheduling Conference). At the hearing, Mr. Palecek acknowledged "I don't know that [Defendant Zavaras] was personally responsible." (*See id.*). Mr. Palecek indicated that he would consider whether to voluntarily dismiss Defendants Zavaras, Milyard, and Chapdelaine. (*See id.*). As of this date, Mr. Palecek has not notified the court of his intent regarding Defendants Zavaras, Milyard, and Chapdelaine.

Without facts alleging an affirmative link between these Defendants' conduct and the alleged constitutional violation, the AC fails to establish "an affirmative link . . . between the constitutional deprivation and . . . the supervisor[.]" *Ghallagher*, 587 F.3d at 1069 (quoting *Green*, 108 F.3d at 1302). Thus, Mr. Palecek's AC fails to provide a basis for holding these Defendants individually liable under § 1983. *See Mitchell*, 80 F.3d at 1441. Defendants Zavaras, Milyard, and Chapdelaine in their individual capacities are properly dismissed for failure to state a claim upon which relief can be granted as to Mr. Palecek's § 1983 claims.

3. Liability of Defendants in their Individual Capacities under RLUIPA

A person may assert a violation of RLUIPA "in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a) (emphasis added). Four circuits have declined to read RLUIPA as allowing damages against defendants in their individual capacities. *See Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009) (declining to construe RLUIPA as providing for damages actions against officials in their individual capacities based on "serious questions regarding whether Congress had exceeded its authority under the Spending Clause"); *Rendelman v. Rouse*, 569 F.3d 182, 184 (4th Cir. 2009) ("RLUIPA does not authorize a claim for money damages against an official sued in her individual capacity"); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 328-29 (5th Cir. 2009) (interpreting RLUIPA to disallow individual capacity suits), *cert. granted in part by* 2010 WL 2025142 on question"[w]hether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA; *Smith v. Allen*, 502 F.3d 1255, 1272-75 (11th Cir. 2007)

10

(concluding that RLUIPA "cannot be construed as creating a private right of action against individual defendants for monetary damages").  *See also Boles v. Neet*, 402 F. Supp. 2d 1237, 1240 (D. Colo. 2005) ("The Court understands this provision to permit cases against a governmental entity, but not against an individual officer, . . ."). Mr. Palecek has not cited any authority contrary to the law of these four circuits.  Because the reasoning of these courts is persuasive, this court finds that the Tenth Circuit would likely follow suit.  Accordingly, Mr. Palecek's RLUIPA claim against Defendants Zavaras, Milyard and Chapdelaine in their individual capacities is properly dismissed.

4.      Liability of Defendants in their Official Capacities under RLUIPA

Defendants further argue that RLUIPA does not authorize claims for money damages against state or state employees in their official capacities.

"Several circuit courts have held, under the principles of sovereign (Eleventh Amendment) immunity, that money damages are not available for official-capacity RLUIPA claims."  *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311-12 (10th Cir. 2010) (citations omitted).  *See, e.g., Holley v. California Dept. of Corrections*, 599 F.3d 1108, 1111-13 (9th Cir. 2010) (joining "five of the six circuits to have considered this question" in holding that the Eleventh Amendment bars suit for official-capacity damages under RLUIPA);  *Van Wyhe v. Reisch*, 581 F.3d 639, 654-55 (8th Cir. 2009) (RLUIPA does not "effect a waiver of sovereign immunity from suit for monetary claims.");  *Nelson v. Miller*, 570 F.3d 868, 884-85 (7th Cir. 2009) (sovereign immunity shielded state official from a monetary judgment in his official capacity under RLUIPA);  *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir.) (Eleventh Amendment barred plaintiff's claim for monetary relief

11

under RLUIPA), *petition for cert. filed*, 78 U.S.L.W. 3065 (July 22, 2009) (No. 09-109); *Sossamon*, 560 F.3d at 331-32 (any claim under RLUIPA for monetary damages against the Defendants in their official capacity was barred by the State's sovereign immunity); *Madison v. Virginia*, 474 F.3d 118, 131 (4th Cir. 2006) (RLUIPA does not unequivocally waive the State's immunity from suit for monetary damages). "This view is supported by the statement by one of RLUIPA's sponsors in the House of Representatives." *Abdulhaseeb*, 600 F.3d at 1312 (citing 146 Cong. Rec. 19123 (Sept. 22, 2000) (statement of Rep. Canady) ("These claims and defenses lie against a government, but the Act does not abrogate the Eleventh Amendment immunity of states.")). "On the other hand, one circuit court has concluded that monetary relief is available against official-capacity defendants in RLUIPA suits (although, the court also acknowledged, for a prisoner plaintiff, the Prisoner Litigation Reform Act generally will limit such relief to nominal damages)." *Abdulhaseeb*, 600 F.3d at 1312 (citing *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007)).

Although the Tenth Circuit did not decide the issue of Eleventh Amendment immunity from money damages for official-capacity RLUIPA claims, *Abdulhaseeb*, 600 F.3d at 1312, District Courts from this Circuit have concluded that the States are immune from claims for monetary damages under RLUIPA. *See, e.g., Jotunbane v. Sedillo*, 2010 WL 1781922 * 4 (D.N.M. Apr. 20, 2010) (agreeing with Eighth Circuit in *Van Wyhe v. Reisch*, 581 F.3d at 654-55 "that RLUIPA does not transform a state's acceptance of federal prison funding into a waiver of its Eleventh Amendment immunity from suits for money damages"); *Boles v. Neet*, 402 F. Supp. 2d at 1240 ("it does not appear that the statute permits a claim for damages. . . Thus, to the extent plaintiff here

12

seeks compensatory damages under RLUIPA, his claims are barred"); *Hamlin v. Smith*, 2008 WL 4210795 * 6 (D. Colo. Sept. 10, 2008) ("Plaintiff's claims against Defendants in their individual capacities under RLUIPA and Plaintiff's damages claims under RLUIPA are properly dismissed with prejudice."); *Grady v. Holmes*, 2008 WL 3539274 * 3 (D. Colo. Aug. 12, 2008) (any claim for money damages brought against CDOC employee in her official capacity under RLUIPA is barred by the Eleventh Amendment and is properly dismissed with prejudice). *See also Owens-Ali v. Pennell*, 672 F. Supp 2d 647, 652-53 (D. Del. 2009) (state prisoner's claims under § 1983 and RLUIPA for monetary damages against prison officials in their official capacities were essentially claims against state, and thus those claims were barred by state's Eleventh Amendment immunity). Mr. Palecek's claims for monetary damages brought pursuant to RLUIPA against Defendants Zavaras, Milyard and Chapdelaine in their official capacities are properly dismissed.

5.  Qualified Immunity in Individual Capacities

Defendants argue that they are entitled to qualified immunity from Mr. Palecek's claims. "The doctrine of qualified immunity provides that [w]hen government officials are performing discretionary functions, they will not be held liable for their conduct unless their actions violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mitchell v. Maynard*, 80 F.3d 1433, 1447 (10th Cir. 1992) (internal quotation marks and citations omitted). Whether Defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

13

> When [a defendant] asserts a defense of qualified immunity, the plaintiff bears a heavy two-part burden. Initially, the plaintiff must show the [defendant]'s conduct violated a constitutional right: A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant]'s conduct violated a constitutional right? If the [defendant]'s conduct did not violate a constitutional right, the inquiry ends and the [defendant] is entitled to qualified immunity.

*Wilder*, 490 F.3d at 813 (internal quotation marks and citations omitted). *See also Wilson v. Layne*, 526 U.S. 603, 609 (1999) (a court evaluating a claim of qualified immunity "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (citation omitted); *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001) ("Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law.") (citation omitted).

Because the court concludes that RLUIPA does not permit a claim against Defendants Zavaras, Milyard, and Chapdelaine in their individual capacities, the court need not address the secondary question of whether they would be entitled to a defense of qualified immunity as to the RLUIPA claim. *See Sossamon*, 560 F.3d at 327 ("if no private right of action exists against the defendants in their individual capacities, then a qualified immunity . . . analysis would be unnecessary."); *Smith v. Allen*, 502 F.3d at 1275 (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) (stating that the qualified immunity defense only applies when the defendant is sued individually)).

As to Mr. Palecek's constitutional claims, because the court has concluded in this

14

Recommendation that Mr. Palecek has failed to state a claim upon which relief can be granted against them, Defendants Zavaras, Milyard, and Chapdelaine in their individual capacities are entitled to qualified immunity from Mr. Palecek's claims brought pursuant to § 1983. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

Accordingly, IT IS RECOMMENDED that the "Motion to Dismiss by Defendants Aristedes Zavaras, Kevin Milyard and John Chapdelaine" (filed December 23, 2009) (doc. # 25) be GRANTED IN PART AND DENIED IN PART in that:

1. Defendants Zavaras, Milyard, and Chapdelaine be dismissed from Mr. Palecek's claim for monetary damages under RLUIPA.

2. Defendants Zavaras, Milyard, and Chapdelaine be dismissed in their individual capacities from Mr. Palecek's § 1983 claims.

3. This action shall proceed as to Defendants Zavaras, Milyard, and Chapdelaine in their official capacities only for prospective equitable relief under § 1983 and RLUIPA.

4. This action shall also proceed on all claims as to Defendants Brooks, Hoffman, and Revord, who have filed their Answer.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 1st day of July, 2010.

                                            BY THE COURT:

                                            <u>s/Craig B. Shaffer</u>
                                            United States Magistrate Judge